## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETS

| | |
|---|---|
| MIKE SLIOZIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUSHA SYSTEMS, INC. and LUSHA USA OPERATION INC.,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1.      Plaintiff and members of the proposed class (the "Class") are private individuals who have no relationship with Defendants Lusha Systems, Inc. and Lusha USA Operation Inc. ("Defendants" or "Lusha"), nor with the website Lusha owns and operates at www.lusha.com. Plaintiff and the Class have never used Lusha, nor did they provide their names, contact information, job titles, places of work, cities of residence, or any other personal information to Lusha.

2.      Plaintiff was seriously distressed to discover that Lusha is using his name, personal information, and persona to advertise paid subscriptions to www.lusha.com.

3.      Plaintiff and the Class did not consent to Lusha using their names, contact information, job titles, places of work, cities of residence, and other personal information to promote Lusha subscriptions. Nor did they consent to Lusha selling access to their personal information as part of its subscription products.

4.      Lusha advertises subscriptions by publicly displaying teaser profiles of the Plaintiff and Class members showing their names, current job titles, locations, and places of work.

5.     Anyone may sign up for a free account with Lusha.  Lusha provides a publicly accessible "Prospect search" page on which Lusha encourages free account users to begin searching to "find your ideal customers with Lusha Prospecting."

6.     Free account users may search by name and location for Plaintiff and Class members. In response, Lusha displays the teaser profiles including names, current job titles, locations, and places of work.

7.     The teaser profiles advertise that Lusha possesses additional information about Plaintiff and Class members, including email addresses and phone numbers. Lusha prominently displays a "Show detail" button on each profile, which users may click to request the full profile including contact information.

8.     Each request to display a full profile costs one "credit." Free account users receive five free credits per month. After free account users expend their allowance of credits on Class member profiles, account

9.     Free account users who attempt to view additional full profiles are informed they must purchase a paid subscription to continue searching and viewing Class members' profiles.

10.    Lusha also displays an "Export to CSV" button for each profile. Free account users who click "Export" to download a Class members' profile receive a pop-up message stating that "Export to CSV is a premium feature" and prompting the user to "Upgrade your plan" to a paid subscription.

11.    Lusha uses Plaintiff's and Class members' profiles and personas to advertise several types of subscription plan. A "Pro" plan costs $29 per month, per user, and allows the subscriber to view and download 480 Class member profiles per month. A "Premium" plan costs $44 per month, per user, and allows the subscriber to view and download 1680 Class member

profiles per month. An "Enterprise" plan allows the subscriber to save "more than 10% on a higher volume" of Class member profiles.

12.     Lusha sells subscriptions to salespeople and marketers. Lusha subscribers use the personal information on Lusha's website to send personalized sales and marketing communications to the individuals who appear in Lusha's database of profiles, including Plaintiff and the Class.

13.     Lusha does not present Plaintiff's and Class member's teaser profiles simply as samples advertising access to a single profile. Rather, Lusha uses Plaintiff's and Class members' names, personal information, and personas to advertise paid subscriptions to www.lusha.com, which provide access to profiles of tens of millions of individuals, profiles of tens of millions of companies and businesses, and additional services.

14.     Lusha advertises that paying subscribers receive a variety of services beyond the ability to search and view individuals' full profiles, including: (1) access to "100M Business Profiles" and "15M Company Profiles"; (2) a "Person API" (application programming interface) that "lets you look up a person data [sic] based on his name and the company" in order to "get the person's location, email and phone number, as well as his or her social network username" in JSON format; (3) "CRM Integrations" with customer relationship management platforms like Salesforce and Outreach; and (4) "usage analytics" that help subscribers "monitor their team's Lusha credit activity" and "optimize credit allocation accordingly to reach KPIs" (key performance indicators).

15.     Lusha is the sole author, designer, and implementor of the advertising techniques, teaser profiles, and full profiles giving rise to this lawsuit. Lusha does not host user-generated content. Lusha is the sole curator, designer, and creator of the content described in this Complaint,

including: the teaser and full profiles representing Plaintiff and Class Members; the "free account" program through which potential subscribers receive a limited allowance of "credits" to search for Plaintiff and Class Member profiles, and must purchase a subscription when their credits expire; the buttons encouraging the user to "Export to CSV" and the subsequent pop-up message informing the user they must purchase a subscription to export; and the services that allow paying subscribers to download bulk data about Class members in JSON format via an API, to integrate with existing CRMs, and to receive usage analytics.

16.    Plaintiff does not know how Lusha obtained his name, job title, place of work, city of residence, email address, and phone number. Lusha's website does not disclose the specific sources for Plaintiff's information.

17.    Indeed, Lusha intentionally obscures the sources of its data. Lusha's website states that it "does not identify the specific source of information that contributed to its database."

18.    Lusha's website states that in general, Lusha "acquires its data from a variety of sources, including public databases, government data sources, social media feeds, Lusha's data algorithm and the Lusha Community."

19.    Lusha collects names, contact information, and other personal information from its Lusha Community product. The Lusha Community product surreptitiously extracts names, personal information, and contact information by automatically reading all emails sent and received by subscribers who install the Lusha Community product on their computers. This surreptitious extraction is performed without providing notice or obtaining consent from the targets whose names, personal information, and contact information are extracted. Those targets receive no notice the person they are communicating with is a Lusha Community subscriber, nor that their

information will be automatically extracted whenever they send or receive an email to or from a Lusha Community subscriber.

20.    Subscribers who wish to join the Lusha Community download Lusha software to their computers. The software automatically reads "emails that are sent to or received by our Community members" and extracts from every email the "name[s], company name[s], job title[s], business phone number[s], and email address[es]" of everyone on the email chain.

21.    Lusha's marketing materials tout the lack of consent and notice as a *feature* of the Lusha Community product. In its FAQ section, in response to the question "Will my contact know Lusha received their information from me?", Lusha assures the subscriber: "No they will not. Lusha allows you to confidentially share business contact details and does not identify the specific source of information that contributed to its database."

22.    On information and belief, Lusha obtained at least some of the information in its profiles about Plaintiff by using its Lusha Community product to automatically extract Plaintiff's information from emails he sent to or received from a Lusha Community member.

23.    Plaintiff's and Class members' names, personal information, contact information, and personas have commercial value. This commercial value is demonstrated by Lusha's exploitation of Plaintiff's and Class members names, personal information, contact information, and personas to sell subscriptions, as well as similar exploitation by Lusha's many competitors, such as ZoomInfo, Seamless, and Dun & Bradstreet.

24.    Lusha refers repeatedly to the commercial of Plaintiff's and Class members' names and personal information in marketing materials on its website. For example, Lusha claims it is better than its competitors because it has the "most accurate prospect data" including "60M Email

Addresses" and "50M Direct Dials." Lusha advertises its services enable subscribers to "Reach the right decision makers" in order to "Sell more and close more."

25.    Lusha appropriated Plaintiff's and Class members' names, personal information, and personas without permission or consent from Plaintiff or Class members.

26.    Consent is not all or nothing. Plaintiff and Class members may have shared their names, personal information, and contact information with companies or the government in a variety of contexts. For example, Plaintiff or Class members may have consented to the posting of their names, contact information, locations, and job titles on the website of a company for which they work, or on a professional networking site.

27.    But Plaintiff and Class members did not consent to the commercial use of their personal information and personas to promote subscriptions to a website with which they have no relationship, and which exists to enable salespeople and marketers to target Plaintiff and the Class with unwanted solicitations.

28.    Plaintiff and the Class did not consent to Lusha selling access to their names and personal information.

29.    Illinois law recognizes individuals' intellectual property and privacy rights in controlling the use of their names, photographs, likenesses, and personas for commercial purposes.

30.    By using Plaintiff's and Class members' names, likenesses, photographs, and personas in advertisements for website subscriptions without consent, Lusha has violated their intellectual property and privacy rights. Plaintiff and Class members have the right not to have their personas exploited to promote a product with which they have no relationship and no interest in supporting.

31.    Plaintiff and Class members have an economic interest in their personas and personal information, which Lusha has stolen, and a privacy interest in their personas, which Lusha has violated.

32.    By these actions, Lusha has violated the Illinois Right of Publicity Act, codified in 765 ILCS 1075/1 *et seq*., and Illinois common law prohibiting unjust retaining of a benefit to a plaintiff's detriment.

33.    Plaintiff and the Class have suffered injury through the unlawful taking of their valuable intellectual property; through the invasion of their privacy rights protected by statute and common law; through Lusha's unlawful profiting from its exploitation of their names, personas, identities, and personal information; and through harm to peace of mind.

34.    Plaintiff and the Class are entitled to relief including statutory damages, disgorgement of profits, royalties for the use of their personas, restitution of the value of their identities, an injunction prohibiting Lusha's unlawful conduct, the award of attorneys' fees, expenses, and costs, and declaratory relief.

## JURISDICTION AND VENUE

35.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")), because: (A) members of the putative Class are citizens of a state different from at least one defendant. Defendants Lusha Systems, Inc. and Lusha USA Operation Inc. are incorporated in Delaware and have their principal place of business in Boston, Massachusetts. Plaintiff is a citizen and resident of Illinois who seeks to represent a class of Illinois residents. (B) The proposed Class consists of at least 100 members. Lusha advertises that is database includes profiles about at least 60 million individuals. The Class likely comprises millions of Illinois residents. And (C) the amount in controversy exceeds $5,000,000 exclusive of interest

and costs. 765 ILCS 1075/1 *et seq.* provides for damages equal to the greater of $1,000 per violation or the actual damages suffered by the Class member, plus exemplary and/or punitive damages in the case of knowing use without consent. Because Lusha uses the names and personal information of millions of Class members to advertise its website, the amount in controversy is well over the jurisdictional limit.

36.     This Court has general personal jurisdiction over both Defendants because their headquarters and principal places of business are in this state and district.

37.     This Court has specific personal jurisdiction over both named Defendants because a significant portion of the events giving rise to this lawsuit occurred in this state, including: Lusha's design and creation of the advertisements incorporating Plaintiff's and Class members' names, personal information, and personas; Lusha's obtaining Plaintiff's and Class members' personal information from the Lusha Community product, Plaintiff's and Class members' social media, government records, and other sources; and Lusha's display of Plaintiff's and Class members' profiles in advertisements available to the public online.

38.     Lusha's illegal use of Plaintiff's and Class members' names, personal information, and personas in advertisements originated from and was directed by Lusha from its U.S. headquarters in Boston.

39.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b). A substantial portion of the events and conduct giving rise to the violations alleged in this complaint occurred in this district.

## PARTIES

40.     Plaintiff Michael Sliozis is a citizen of Illinois. Mr. Sliozis resides in Gurnee, Illinois. Mr. Sliozis has never used or subscribed to the website lusha.com. Lusha publicly displays a teaser profile of Mr. Sliozis' personal information, including his name, location, job title, place

of work, and redacted email address and partially redacted phone number. Lusha advertises subscriptions to its website by promising potential subscribers the ability to view Mr. Sliozis' contact information and download his personal information.

41.    Defendants Lusha Systems, Inc. and Lusha USA Operation Inc. are Delaware corporations with their headquarters in Boston, Massachusetts. Defendants own and operate the website www.lusha.com.

## FACTUAL ALLEGATIONS

42.    Plaintiff Michael Sliozis has no relationship with Lusha. He is not a subscriber and has never used www.lusha.com.

43.    Mr. Sliozis did not give consent to Lusha to use his name, personal information, or persona in any way. Had Lusha requested his consent, Mr. Sliozis would not have provided it.

44.    Lusha uses Mr. Sliozis' name and persona in advertisements promoting website subscriptions.

45.     Lusha publicly displays a teaser profile of personal information about Mr. Sliozis. The teaser profile accurately identifies his name, location, place of work, and job title. The teaser profile uniquely identifies Mr. Sliozis. Screenshots depicting Mr. Sliozis' profile, which appears twice in substantially identical form on the Lusha website, is shown below. The first image depicts the teaser profile as it appears in search results after a free account user search for "Michael Sliozis." The second image is a zoomed-in depiction of Mr. Sliozis' teaser profile, isolated from the surrounding interface.





46.    Anyone may sign up for a free account with Lusha. Lusha provides a publicly accessible "Prospect search" page on which Lusha encourages free account users to begin searching to "find your ideal customers with Lusha Prospecting."

47.    Users who search for "Michael Sliozis" receive the teaser profile uniquely identifying Mr. Sliozis by name, location, place of work, and job title. A screenshot of the "Prospect search" page with a search for Michael Sliozis entered is shown below.



48.     As shown above, Lusha's teaser profile about Mr. Sliozis advertises that Lusha possesses Mr. Sliozis' address and phone number. However, that information is redacted on the teaser profile. Mr. Sliozis' teaser profile indicates the user may press the button marked "Show details" to reveal Mr. Sliozis' full profile including the redacted contact information.

49.     Free account users receive five free "credits" per month. Each time a free account user clicks the "Show details" button on a teaser profile, one credit is expended.

50.     When a free account user who has at least one "credit" in their account clicks "Show details" on Mr. Sliozis' teaser profile, Lusha reveals the full profile including Mr. Sliozis' email address and phone number. A screenshot of Mr. Sliozis' full profile is shown below. For privacy, counsel have redacted Mr. Sliozis' email address and phone number. In the original version, this information is visible.



51.     As shown in ¶47 above, Mr. Sliozis' full profile also displays a button marked "Export to CSV," which prompts the user to click to download Mr. Sliozis' profile information in comma-separated-value ("CSV") format.

52.     Free account users who click "Export to CSV" and attempt to download Mr. Sliozis' profile receive a pop-up message informing them that "Export to CSV is a premium feature," and prompting the user to "Upgrade your plan" to a paid subscription. A screenshot of this pop-up is shown below. Counsel has redacted Mr. Sliozis' email address, which is visible in the original version:



53.     Free account users who click "View upgrade options" receive a webpage advertising Lusha's "Pro," "Premium," or "Enterprise" subscription plans at a cost of $29 per user per month, $44 per user per month, or more. Screenshots of this webpage appear below:





54.     When a free account user or paying subscriber runs out of monthly credits, clicking "Show details" on Mr. Sliozis' teaser profile (see ¶42 above) leads to a message informing the user they have no credits remaining. Users must purchase a subscription, or upgrade to a more expensive subscription, to view Mr. Sliozis' full profile.

55.     As shown above, Lusha uses Mr. Sliozis' name, personal information, and persona to advertise subscriptions. Lusha advertises subscriptions to salespeople and marketers who wish to contact Mr. Sliozis and other individuals in Lusha's database with unsolicited promotions.

56.     As shown above, Lusha presents a series of webpages and pop-ups which, taken together, comprise an advertisement for Lusha subscriptions. The "website flow" begins with a search page, which Lusha makes available for free to the public, on which free account users are encouraged to search for individuals they may wish to contact with promotions. Lusha then delivers a teaser profile of the individual, which confirms to the user that Lusha has the desired personal information about the individual. The website flow ends when the user clicks to view details about the individual without sufficient credits, or tries to download the individual's profile, at which point Lusha solicits a paid subscription.

57.     Lusha's purpose in using Mr. Sliozis' name, personal information, and persona in this website flow is to solicit the purchase of paid subscriptions.

58.     Lusha did not obtain Mr. Sliozis' consent, nor did it obtain the consent of Mr. Sliozis' employer, prior to using Mr. Sliozis' persona to advertise paid subscriptions. On information and belief, Lusha did not obtain consent from any of the sources from which it extracted Mr. Sliozis' personal information.

59.    Mr. Sliozis has intellectual property and privacy interests in his name, personal information, and persona recognized by Illinois statutory and common law. He has the right to exclude anyone from making commercial use of his persona without his permission.

60.    Lusha injured and continues to injure Mr. Sliozis by taking his intellectual property without compensation; by invading his privacy rights protected by statute and common law; and by unlawfully profiting from its exploitation of his personal information.

61.    Lusha's illegal actions caused Mr. Sliozis mental injury and disturbed his peace of mind. Mr. Sliozis is deeply uncomfortable in the knowledge that Lusha is using his name and persona to advertise and as part of a commercial product he has no interest in supporting. Mr. Sliozis believes his persona is rightly his to control. Lusha's illegal use has left him worried and uncertain about his inability to control how his name and persona is used. Mr. Sliozis feels that Lusha's use of his name, persona, personal information, and browsing history is an alarming invasion of his privacy. Mr. Sliozis believes that Lusha's collection and publication of personal details about him encourages and enables identity fraud. He believes Lusha's use of his personal information encourages and enables harassing marketing and sales communications.

## CLASS ACTION ALLEGATIONS

62.    Plaintiff asserts claims on behalf of himself and a class of current and former Illinois residents who are not subscribers or free account users of www.lusha.com and whose names and personal information Lusha incorporated in profiles it uses to promote Lusha subscriptions. Excluded from the proposed class are: Plaintiff's counsel; Lusha, its officers and directors, counsel, successors, and assigns; any entity in which Lusha has a controlling interest; and the judge to whom this case is assigned and the judge's immediate family.

63.     The members of the proposed class are so numerous that joinder of individual claims is impracticable. Lusha has profiles on millions of Illinois residents.

64.     There are significant questions of fact and law common to the members of the Class. These issues include:

a.  Whether Lusha's misappropriation of names and personal information, and use of that information in the advertising techniques described in this Complaint, constitute the use of individuals' identities for commercial purposes without previous written consent within the meaning of 765 ILCS 1075/1 *et seq.*;

b.  Whether Lusha solicited and obtained written consent from Plaintiff and the Class prior to using their personas in advertisements promoting its website, as required by 765 ILCS 1075/30;

c.  Whether Lusha's use of identities, names, personas, and personal information constitutes a use for non-commercial purposes such as news or public affairs within the meaning of 765 ILCS 1075/35;

d.  Whether Lusha's commercial use of the identities, names, personas, and personal information of Plaintiff and the Class was willful such that Plaintiff and the Class are entitled to punitive damages;

e.  Whether Lusha was unjustly enriched as a result of its unlawful conduct; and

f.  Whether Plaintiff and the Class are entitled to injunctive, declaratory and monetary relief as a result of Lusha's unlawful conduct.

65.     Plaintiff's claims are typical of those of the proposed class. Plaintiff and all members of the proposed Class have been harmed by Lusha's misappropriation and misuse of their

identifies, names, personal information, and personas to advertise without consent. Lusha prevents its advertisements in the same way for each Class member.

66.     The proposed class representative will fairly and adequately represent the proposed Class. Mr. Sliozis' claims are co-extensive with those of the rest of the Class. Mr. Sliozis is represented by qualified counsel experienced in class action litigation of this nature.

67.     A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed Class is impracticable. Many members of the Class do not have the financial resources necessary to pursue this claim, and even if they did, the size of their interest in the case may not be large enough to merit the cost of pursuing the case. Individual litigation of these claims would be unduly burdensome on the courts in which individualized cases would proceed. Individual litigation would greatly increase the time and expense needed to resolve a dispute concerning Lusha's common actions towards an entire group. Class action procedures allow for the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

68.     The proposed class action may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Lusha has acted on grounds generally applicable to the proposed Class, such that final injunctive and declaratory relief is appropriate with respect to the Class as a whole.

69.     The proposed class action may be certified pursuant to Rule 23(b)(3). Questions of law and fact common to Class members predominate over questions affecting individual members, and a class action is superior to other available methods for fairly and efficiency adjudicating the controversy.

## FIRST CAUSE OF ACTION
### 765 ILCS 1075/1 *et seq.* ("IRPA")

70.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

71.     Illinois' Right of Publicity Act, 765 ILCS 1075/1 et seq. ("IRPA"), defines the "right of publicity" as the "right to control and to choose whether and how to use an individual's identity for commercial purposes." 765 ILCS 1075/10.

72.     IRPA prohibits and provides damages for using an individual's identity for commercial purposes without having obtained previous written consent. 765 ILCS 1075/30.

73.     By engaging in the forgoing acts and omissions, Lusha used Plaintiff's and Class members' identities for commercial purposes without having obtained previous written consent.

74.     Each use of a Class member's identity is a separate and distinct violation of IRPA giving rise to damages.

75.     IRPA provides that a person who violates the statute is liable for the greater of: (a) statutory damages in the amount of $1,000 per violation; or (b) the sum of "actual damages" and "profits derived from the unauthorized use." 765 ILCS 1075/40. The statute also provides for punitive damages where, as here, the violation is willful. *Id*.

76.     IRPA also provides for the award of "reasonable attorney's fees, costs, and expenses." 765 ILCS 1075/55.

77.     As a result of Lusha's violations of IRPA, Plaintiff and the Class have suffered injury to their privacy rights and actual damages both economic and emotional. Plaintiff and Class members have been denied the commercial value of their identities, which Lusha misappropriated without compensation to Plaintiff and the Class. Plaintiff and Class members were denied their statutorily protected right to control how their identities are used and refuse consent to a use for

commercial purposes. Plaintiff and Class members suffered emotional disturbance from the misappropriation and misuse of their identities.

78.     Plaintiff on behalf of the Class seeks: statutory damages; in the alternative, actual damages, including Lusha's profits from its misuse and compensatory damages for the royalties Lusha failed to pay and the emotional disturbance it caused; punitive damages in light of Lusha's willing misuse; nominal damages; the award of attorneys' fees and costs; the entry of an injunction prohibiting Lusha's illegal conduct; and declaratory relief.

## SECOND CAUSE OF ACTION
### Unjust Enrichment

79.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

80.     Plaintiff and the Class have conferred an unwarranted benefit on Lusha. Lusha uses personal information that rightfully belongs to Plaintiff and the Class to sell its subscriptions. Lusha uses the personal information it misappropriated without consent. Each subscription sold using names, personas, and identities that rightfully belong to Class members represents an unwarranted benefit conferred upon Lusha by Plaintiff and the Class.

81.     Under principles of equity and good conscience, Lusha should not be permitted to retain the benefits it gained through its actions.

82.     Plaintiff and Class members have suffered loss as a direct result of Lusha's conduct.

83.     Plaintiff on behalf of the Class seeks an injunction prohibiting Lusha's inequitable conduct; the imposition of a constructive trust and restitution of proceeds Lusha received as a result of the conduct described in this Complaint; and an award of attorneys' fees, costs, and expenses.

## PRAYER FOR RELIEF

84.    WHEREFORE Plaintiff, on behalf of himself and all others similarly situated, hereby demands judgment against Defendants Lusha Systems, Inc. and Lusha USA Operation Inc. as follows:

a.  For an order certifying the proposed Class and appointing Plaintiff and his counsel to represent the Class;

b.  For a declaration that Lusha's acts and omissions constitute a willful misappropriation of names, personal information, identities, and personas, and infringe on protected privacy rights, in violation of Illinois law;

c.  For nominal damages awarded in recognition of Lusha's violation of the statutorily protected property and privacy rights of Plaintiff and the Class;

d.  For preliminary and permanent injunctive relief enjoining and preventing Lusha from continuing to operate its www.lusha.com website without appropriate safeguards to ensure people's personal information is not used illegally without their consent;

e.  For an order enjoining Lusha from continuing the unlawful and unfair conduct described in this Complaint;

f.  For restitution for Plaintiff and Class members of the value that Defendants derived from misappropriating and using their identities;

g.  For an award of damages, including without limitation damages for actual harm, profits earned by Lusha from the sale of subscriptions, and statutory damages;

h.  For an award of reasonable attorneys' fees, costs, and expenses incurred by Plaintiff and the Class; and

i.  For an award of other relief in law and equity to which Plaintiff and the Class

Members may be entitled.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial for all individual and Class claims so triable.

Respectfully submitted,

Dated: June 22, 2022                                    By:    */s/ Garrett D. Lee*
                                                              Garrett D. Lee

                                                        Garrett Lee
                                                        Morgan and Morgan
                                                        155 Federal Street, Suite 1502
                                                        Boston, MA 02110
                                                        Telephone: (857) 383-4906
                                                        Email: glee@forthepeople.com

                                                        Benjamin R. Osborn (to be admitted *Pro Hac*)
                                                        102 Bergen St.
                                                        Brooklyn, NY 11201
                                                        Telephone: (347) 645-0464
                                                        Email: ben@benosbornlaw.com

                                                        Sam Strauss (to be admitted Pro Hac)
                                                        sam@turkestrauss.com
                                                        Raina Borrelli (to be admitted Pro Hac)
                                                        raina@turkestrauss.com
                                                        TURKE & STRAUSS LLP
                                                        613 Williamson St., Suite 201
                                                        Madison, Wisconsin
                                                        53703-3515
                                                        Telephone: (608) 237-1775
                                                        Facsimile: (509) 4423

                                                        Michael F. Ram (SBN 104805)
                                                        mram@forthepeople.com
                                                        Marie N. Appel (SBN 187483)
                                                        mappel@forthepeople.com
                                                        MORGAN & MORGAN COMPLEX
                                                        LITIGATION GROUP 711 Van Ness

Avenue, Suite 500 San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923